United States District Court
Middle District of Florida
Jacksonville Division

**QBE S**PECIALTY **I**NSURANCE
**C**OMPANY**, I**NC**.,**

    **Plaintiff,**

v.                                                                                                     **N**O**. 3:23-cv-886-MMH-LLL**

**S**AMUEL **R**OACH D**/**B**/**A
**F**IRST **C**OAST **S**TUCCO**,** AND
**D**REES **H**OMES OF **F**LORIDA**, I**NC**.,**

    **Defendants.**
_____

### Report on Status of Case

The Court sua sponte files this report on the status of the case to The Honorable Marcia Morales Howard, United States District Judge.

QBE Specialty Insurance Company, Inc. (QBE) initiated this case on July 28, 2023, seeking a declaratory judgment against Samual Roach d/b/a First Coast Stucco (Roach) and Drees Homes of Florida, Inc. (Drees). Doc. 1. QBE seeks a judgement rescinding its policies and declaring it has no duty to defend or indemnify Roach in any current or future claims against him because of misrepresentations on his insurance applications. Doc. 6.

Roach was served with process on November 1, 2023, and his response was due on November 22, 2023. Docs. 17, 20. Drees was served with process on August 23,

2023, and filed its response on October 6, 2023. Docs. 12, 13. On December 5, 2023, a clerk's default was entered against Roach because he failed to file a timely response to the amended complaint. Doc. 21. After entry of the clerk's default, QBE filed a motion for default judgment against Roach, doc. 22. Drees filed a response in opposition arguing, among other things, that a default would be improper and could lead to inconsistent judgments. Doc. 25.

On April 10, 2024, Drees filed a notice of suggestion of bankruptcy, doc. 30, indicating that it had filed a Chapter 7 petition for relief against Roach in the United States Bankruptcy Court for the Middle District of Florida. See Case No: 3:24-bk-1005-JAB. According to Drees, the filing of the petition stayed the continuation of the civil proceedings against Roach. 11 U.S.C. § 362(a).[1] At a hearing on April 12, 2024, the Court inquired as to whether the stay also applied to Drees. Drees argued, without authority, that the filing of the bankruptcy petition against Roach automatically stayed the case against Drees, as well. The Court directed Drees to submit supplemental briefing on whether the involuntary petition's automatic stay applies to both defendants; it also gave QBE an opportunity to respond. Drees filed its supplemental

---

[1] Drees takes an identical position in *Atrium 5 Limited v. Samuel Roach d/b/a First Coast Stucco*, No: 3:23-cv-01045-MMH-LLL, where Drees seeks to intervene as a non-party in Atrium 5 Limited's declaratory action against Roach. Drees in both cases alleges it's an additional insured under Roach's policies and opposes the motions for default judgement pending against Roach. Drees has filed identical notices of suggestion of bankruptcy and supplemental briefs in both cases arguing the cases should be automatically stayed under 11 U.S.C. § 362(a) and the stay applies to both Roach and Drees.

brief and QBE filed a response;[2] both parties agreed the automatic stay applies to both defendants and the case should be stayed. Docs. 33, 34.

Upon review of the filings, I respectfully **recommend** that this case be stayed as to all parties in accordance with 11 U.S.C. § 362(a), pending the resolution of the Chapter 7 bankruptcy petition against Roach.

**Entered** in Jacksonville, Florida on June 12, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Michael James Childers, Esquire
CJ Gomes, Esquire
Michael Colin Feinberg, Esquire
Barry Barnett Ansbacher, Esquire

---

[2] QBE, while in agreement with Drees concerning the automatic stay, disagrees with Drees assertion that Drees "is an 'intended beneficiary' of one or more policies that are the subject to this action." Doc. 34 at 3-4. QBE's argument, however, does not impact the application of the stay.